PERFECTO GARCIA V. THE STATE.

No. 20852. Delivered March 20, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*Kennedy Smith,* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted of the murder with malice of Lino Garcia, and his punishment assessed at seven years in the penitentiary.

Fidel Garcia was the father of appellant. In order to avoid confusion the parties will be referred to by their given names.

Fidel and Lino met at a beer garden where they with other parties were drinking beer and engaging in friendly conversation. Fidel and Lino got into an argument over the merits of the Garcias in general; Lino contending that those bearing the name were like other people, some good, some bad, and that there were some "pimps" even among the Garcias. There was no intimation that Fidel or any members of his family fell into the class named. Fidel resented the statement and wanted to fight Lino, but the proprietor of the place got between them and finally put Fidel out. Perfecto (appellant here) was not present when the argument and disturbance occurred. About thirty minutes after Fidel had been put out of the place he returned with Perfecto. They immediately approached Lino who was sitting at a table and Fidel demanded that Lino repeat what he had theretofore said. Before Lino had time to make reply Perfecto pushed Fidel aside and stabbed Lino five times while he was still sitting down. The latter made no offensive move towards either Fidel or appellant. All the wounds upon Lino were superficial save one which penetrated the cavity, striking an artery. Death resulted almost immediately. The foregoing is stated as a conclusion from the State's testimony. A witness for the State testified that he was present at another beer garden where he and Fidel had gone after the latter had tried to fight Lino, and heard Fidel tell Perfecto that Lino had said "all the Garcias were pimps"; that Perfecto said, "Let's go and see him"; that they did go to where the first disturbance

had occurred, and that Fidel and Perfecto went inside, and the killing occurred a few seconds after they entered the house. Perfecto denied that his father had told him anything about the former trouble and testified that the reason he went into the place was because his father wanted to get another bottle of beer; that immediately upon entering the place Lino struck Fidel in the face with a beer bottle and also assaulted him (Perfecto) and that he stabbed Lino in defense of himself and his father. There is no doubt that Fidel received a blow on the nose which caused a cut and considerable blood, but no witness present save appellant claimed that Lino struck Fidel; all others asserted that Lino did not do anything, not even rising from his seat until after the stabbing. It is apparent from the condensed statement of the evidence that the verdict is supported.

The court's charge as originally prepared was not given to the jury, but in response to objections thereto the learned trial judge amended his instructions to meet all complaints directed to them as originally written. We discover no merit in the exceptions to the amended charge. Three special charges were requested; two were given, and the one refused was apparently incorporated in the main charge.

The record reflects that appellant objected to certain argument of the district attorney, claiming that he was misquoting the testimony and therefore drawing improper deductions therefrom. He presented a bill of exception complaining of the claimed improper argument. The court declined to approve same without certain suggested qualifications. Appellant declined to accept the qualifications, whereupon the court refused the bill and prepared and filed his own bill upon the subject. No bystanders' bill is found challenging the correctness of the court's bill, and therefrom no error appears.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing in this case insists that the evidence is insufficient to support the verdict.

Reliance is had upon certain quoted testimony from State's witness to the effect that Fidel Garcia had blood and a wounded eye while on the outside.

The facts considered might properly have been pertinent circumstances in arguing the case before the jury, but they are not conclusive facts upon which this Court can rely. True, it is evidence of a physical fact, but it presents, at most, a circumstance which the jury had a right to consider and in all probability did consider, but they, nevertheless, found appellant guilty under evidence which this Court thinks justified their conclusions.

We find nothing pointed out in the motion which was not considered and we think the correct conclusion has been reached.

The motion for rehearing is overruled.